BRYAN, Judge,
concurring in part and dissenting in part.
I concur insofar as the main opinion holds that the law of the case bars the Alabama Department of Revenue from arguing that the trial court erred in taxing only the receipts generated by the pageants and the concerts associated with the Festival and in not taxing receipts generated by other activities and events associated with the Festival. However, I must respectfully dissent from all other aspects of the main opinion because I am still of the opinion that all receipts generated by the sale of admission tickets 'to events or shows associated with the Festival are exempt from taxation for the reasons I stated in my dissent in Alabama Department of Revenue v. National Peanut Festival Ass’n, Inc., 11 So.3d 821 (Ala.Civ.App.2008). I also dissent on the ground that the main opinion makes new law in holding that The National Peanut Festival Association, Inc. (“the taxpayer”), bore the burden of proving the nontaxable portion of the gate-admission receipts and then punishes the taxpayer for not anticipating this new law by precluding the taxpayer from introducing additional evidence on remand to satisfy that burden of proof.